ARIAS ET AL., RECURRENTES, *v.* EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra resolución del Registrador de la Propiedad de Ponce.

No. 159.—Resuelto en diciembre 19, 1913.

</div>

CANCELACIÓN DE HIPOTECAS—INSCRIPCIÓN DE LA HIPOTECA A NOMBRE DE LA ESPOSA—CONSENTIMIENTO DEL MARIDO PARA CANCELAR.—Habiendo sido inscrita una hipoteca en el registro de la propiedad a favor de un cónyuge como bien privativo de él haciendo constar en la inscripción las manifestaciones hechas por el apoderado del cónyuge que prestó el dinero en el sentido de que el mismo era de su exclusiva pertenencia y procedió de bienes que aportó al matrimonio, no es posible prescindir de los efectos legales de esa inscripción, y el registrador no puede luego denegar la inscripción de la escritura de cancelación de esa misma hipoteca por no haber prestado su consentimiento el otro cónyuge a dicha cancelación.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. Rafael Martínez Nadal.*

El Registrador, Sr. José M. Márquez, compareció por escrito.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El presente recurso gubernativo ha sido motivado por haberse negado el Registrador de la Propiedad de Ponce a cancelar la hipoteca que los recurrentes, hermanos Arias Suñé, habían constituído a favor de Doña Antonia Rieder Larrañaga.

De la certificación obrante en estos autos librada por el Registrador de la Propiedad de Ponce, con referencia a los libros de su oficina, aparece que al inscribir la escritura de préstamo con hipoteca que en 11 de enero de 1912 se otorgó por Doña Antonia Rieder Larrañaga y los hermanos Arias Suñé, hizo constar dicho funcionario que la constitución de hipoteca en garantía de $3,000 la había hecho Don Pedro Clausells y Armstrong como apoderado de esa señora, entregándolos del peculio exclusivo de la misma. Después, en la misma inscripción se relacionan las cláusulas del contrato, apareciendo de una de ellas que el apoderado de dicha señora hizo constar en el documento objeto de la obligación, que los $3,000 que por la exclusiva cuenta de su poderdante Doña Antonia Rieder y Larrañaga dió en préstamo a los recurrentes, pertenecían a dicha señora y no a su sociedad conyugal porque procedían, en parte del precio en que vendió varias fincas el mes anterior, según escritura pública inscrita en el registro de la propiedad, y otra parte, de créditos que dicha señora aportó a su matrimonio y que cobró durante él, según también constaba de escrituras de cancelación otorgadas dos meses antes.

En escritura pública de 21 de agosto de este año, dicha Doña Antonia Rieder Larrañaga, sin la intervención ni el consentimiento de su esposo, confesó haber recibido de los hermanos Arias Suñé los $3,000 que les había prestado, les dió carta de pago por ellos y consintió en que la hipoteca que los garantizaba fuera cancelada en el registro de la propiedad. Presentado este documento para su inscripción, dicho registrador se negó a ello por medio de la siguiente nota:

"Denegada la inscripción de la cancelación que comprende el precedente documento, por observarse que la acreedora Doña Antonia Rieder y Larrañaga, cancela y no presta su consentimiento su esposo Don Manuel J. Marxuach, no siendo bastante para acreditar el carácter de bienes propios que tiene este crédito, la procedencia que dice el apoderado en la constitución de la hipoteca, pues tratándose de dinero sólo el marido puede hacer tal declaración por ser el único a quien puede perjudicar; y tomada en su lugar anotación por ciento veinte días por dicho defecto, etc.''

De los antecedentes expuestos resulta que el Registrador de la Propiedad de Ponce inscribió el crédito hipotecario cuya cancelación motiva este recurso como bien propio de la esposa, e hizo constar además las manifestaciones que el apoderado de ella hizo respecto a la procedencia del dinero y la de que éste no era ganancial, sino de su exclusiva pertenencia, por proceder de bienes que aportó a su matrimonio. Nos encontramos, pues, con una inscripción que atribuye la propiedad exclusiva de ese crédito hipotecario a la esposa, por lo que ni nosotros ni el registrador podemos prescindir de ese asiento y del concepto jurídico que en él se contiene con respecto a la propiedad de ese derecho real, mientras no haya sido anulado, según resolvimos en 14 de febrero de ante año en el caso de la *Sucesión Fuster* v. *El Registrador de la Propiedad,* (pág. 128). Por consiguiente, apareciendo del registro que tal crédito era propiedad exclusiva de la esposa que otorgó la escritura de cancelación a los deudores recurrentes, no necesitaba ella el consentimiento de su marido para cancelarlo, de acuerdo con el artículo 160 del Código Civil Revisado, tal como quedó enmendado en el año 1904 y el documento debió ser inscrito.

La nota recurrida debe ser revocada por ese fundamento.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.